No. 110—2380. Lake Shore & Michigan Southern Ry. Co. v. Pauly. This is an appeal by the railway company from a judgment of one hundred and eighty dollars recovered by appellee in an action on the case, to recover damages for an injury to appellee's horses and harness, alleged to have been occasioned through the negligence of the appellant, its agents and servants, while appellee's team was being driven across appellant's tracks on 55th street, Chicago. On the trial, the plaintiff offered evidence tending to prove some negligence on the part of the defendant, but which was contested by the latter, as was the matter of the exercise of ordinary care by the driver of plaintiff's team, having the same in charge at the time of the accident. There was no decided preponderance of evidence in favor of the plaintiff, upon the question of the negligence of defendant, or of the exercise of due care on the part of the plaintiff. The court, at the instance of plaintiff's counsel,

gave the jury this instruction: "1. The court instructs the jury that if they believe from the evidence that the place where the damages complained of were sustained was at a point on a public street, and that the defendant regularly kept a flagman to warn passers of approaching trains during all hours of the day, and at the hour when the damages complained of were sustained, and that flagging by such flagman at said point was a necessary precaution for the proper and safe operation of the road there, and that such flagman was absent or neglected and failed to give timely warning, and that by due attention to his duties he could have done so, and that the damages complained of were occasioned by such absence or neglect of his duties, then you must find for the plaintiff and assess his damages at such sum as he is shown by the evidence to have sustained by reason of the injuries complained of." *Held*, that such instruction is fatally defective, in that it wholly fails to submit to the jury the question whether or not the driver of plaintiff's team was in the exercise of ordinary or due care to avoid the injury. Reversed and remanded. Opinion by McALLISTER, J. Judge below, RICHARD PRENDERGAST. Attorneys, for appellant, Mr. PLINY B. SMITH; for appellee, Mr. S. MASON MEEK. Opinion filed July 28, 1886.