THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

v.

JOSEPH PAULY.

*Railroads—Negligence—Injury to Team at Crossing—Ordinance—Speed —Evidence—Instructions.*

1. A jury can not find a defendant guilty for the negligence alleged in one count, and assess damages claimed in another count, but not in the former. Each of several counts is a separate declaration.

2. An instruction in an action brought to recover for personal injuries alleged to have been suffered through the negligence of another, should not omit the allegation of the exercise of ordinary care on the part of the plaintiff, or his servant, at the time of the injury.

204　　Appellate Courts of Illinois.

Vol. 37.]　　Lake Shore & Mich. South. Ry. Co. v. Pauly.

3. It is for the jury to determine whether or not a certain train was a passenger train, and for the court to instruct them as to the rate of speed which the same might run by law.

[Opinion filed July 9, 1890.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. Pliny B. Smith, for appellant.

Mr. S. M. Meek, for appellee.

Moran, J. This action was brought to recover damages for injuries resulting from a collision between the team and wagon of appellee and an engine on appellant's railroad at the crossing of Fifty-fifth street in Chicago, by which one horse was killed, the other injured, the wagon broken, and the harness destroyed.

The declaration consisted of four counts. In the first and second the claim was for killing the one horse, injuring the other and destroying the harness, and alleged the damage to be $200 for the horse killed, $125 for the horse injured, and $50 for the harness destroyed.

The third count is upon an ordinance regulating the rate of speed of trains through the town of Lake, alleging a violation thereof, and claiming damages for the horses, the harness, and for breaking the wagon.

The fourth was for a failure to have the cars of the train properly equipped with brakes and manned by competent brakemen, and claimed damages for the horses, the harness and the wagon. There was no evidence whatever introduced under the fourth count.

The court gave the jury, at the request of the plaintiff, the following instruction : "The court instructs the jury, that if they believe, from the evidence in this case, under the instructions of the court, that the defendant is guilty of wrongful acts, neglect or default, as charged in the plaintiff's declaration, and that the same resulted in the injury of the plaintiff's property, as alleged in the said declaration, then the plaintiff

is entitled to recover in this case such damages as the jury may deem, from the evidence and instructions of the court, that the plaintiff has sustained, if any, but not to exceed the amount claimed in the declaration."

If the jury found for the plaintiff on either one or both of the first two counts, they would assess no damages for the value of the wagon injured. They could not find the defendant guilty of the negligence alleged in the first count, and assess the damages claimed in the third and not claimed in the first. Each count is a separate declaration. U. S. Rolling Stock Co. v. Chadwick, 35 Ill. App. 474.

This is not the only objection to this instruction. It authorizes a recovery by the plaintiff without submitting to the jury whether the driver of the plaintiff's team was in the exercise of ordinary care. It was not enough that defendant should be guilty of the wrongful acts, neglect or default charged in the declaration, but plaintiff's servant must also have been in the exercise of ordinary care.

It was for a similar fault in one of plaintiff's instructions that this case was reversed when in this court on a prior appeal: Lake Shore & M. S. R. R. Co. v. Pauly, 20 Ill. App. 658.

The ordinance introduced in evidence limited the speed of passenger trains to twelve miles per hour, and freight trains to eight miles per hour. The train which struck the team consisted of an engine and caboose, in which were a number of employes of the road being conveyed from their work, and there was some contention as to whether it came under the head of a passenger or freight train. It was for the jury to determine the character of the train, and for the court to tell them the rate of speed at which such train might run by law.

But the question of law was left to the jury, by telling them at the request of the plaintiff that if they believed "that the locomotive and caboose which struck the horses and wagon were then and there when the locomotive so struck the said horses and wagon, running at a greater rate of speed than was then and there permissible by law, that such run-

ning was *prima facie* negligence on the part of the defendant," etc.

But two instructions were given for plaintiff, and both were faulty. This case involves but a small amount, and if appellee has merits it is unfortunate for him that his verdicts fail him because of errors in instructions, which a little care would have readily avoided.

For the errors indicated the judgment must be reversed and the case remanded.

*Reversed and remanded.*