JOHN ANGUS ET AL.

v.

MICHAEL LEE.

*Personal Injuries — Negligence — Contractors Independent of Each Other—Falling Brick—Evidence—Instructions.*

1. The first requisite in establishing negligence in a given case, is to show the existence of the duty which it is supposed has not been performed.

2. It will not be sufficient to allege that a duty existed upon the part of the defendant, and that he violated such duty, but the facts must be stated showing the legal liability; unless the duty results in all cases from the stated facts, the declaration so framed will be bad. The allegation of duty is superfluous, where the facts stated show a legal liability, and it is useless where they do not.

3. The law implies that it is the duty of a contractor to so construct his platforms, the same being over a thoroughfare, as to prevent injury through falling objects to persons passing thereunder, and it would seem that the reason for such an implication would be as strong in cases of interior construction, in case of notice that others would be employed under such platforms, in another department of the same work.

4. If there be no reason to apprehend injury to any person from the dropping of material from such platform used in interior construction, there is no duty to adopt special precautions to prevent it.

[Opinion filed March 13, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Hoyne, Follansbee & O'Connor, for appellants.

Mr. W. S. Johnson, for appellee.

Gary, J. We do not decide that the appellee has no cause of action; the question is not presented by this record; but we do decide that the instruction, upon which a verdict for the appellee was taken, is wrong.

The circumstances under which the injury complained of by the appellee happened to him, were that he was at work for one set of contractors upon the fourth floor of the Auditorium, and the defendants were building an interior wall at the level of the seventh floor; that he went under them, and a brick fell on him from their platform. The action is grounded upon negligence of the appellants.

" The first requisite in establishing negligence is to show the existence of the duty, which it is supposed has not been performed." Cooley on Torts, 791, 2d Ed.

" It will not be sufficient to allege that a duty existed upon the part of the defendant, and that he violated such duty; but

the facts must be stated showing the legal liability. Unless the duty results in all cases from the stated facts, the declaration so framed will be bad. The allegation of duty is superfluous where the facts stated show a legal liability, and it is useless where they do not." 2 Thompson on Neg. 1244.

This is not a case like Hunt v. Hoyt, 20 Ill. 544, where work was being done upon a staging suspended above a thoroughfare, where people would be expected to pass, but upon an interior wall.. There is no legal implication that the appellants, when they prepared the platform for their men to work upon, had any reason to expect the presence of persons below.

It is common experience that in erecting walls, bricks often drop, and if there be no reason to apprehend injury to any person from such dropping, there is no duty to adopt special precaution to prevent it. But the case was put to the jury upon the theory that the appellants, in preparing the platform, were to make it such as to " render its use reasonably safe to employes having business on the premises below and underneath said platform."

It appears by this record that the practical men engaged in the construction of this building did not so understand the obligations of the respective contractors; for those for whom the appellee worked, engaged, in their contract, to floor the joists of the story next over where their men might be at work, as a protection to them; this was not done; but there was a conflict of evidence as to whether the appellants were to, and did, in this instance, notify the foreman under whom the appellee worked, of where the appellants were going to work, so that men might be kept from under them. Why the particular brick that hurt the appellee fell can only be conjectured; there is no evidence upon the subject; and therefore the instruction puts the right to recover wholly upon the supposed duty of the appellants as to the construction of the platform, before they began to work upon it. The law implies such a duty where the platform is over a thoroughfare. Jager v. Adams, 123 Mass. 26.

There is no authority that such a duty is implied as to interior walls, though with notice that the work on the wall was to be done over the heads of others rightfully remaining beneath, the reason for such an implication would be as strong as in the care of a thoroughfare. The principle of Tousle v. Hampton, 129 Ill. 379, would be applicable. Without such notice the case is within the reason of U. S. Y. Co. v. Rourke, 10 Ill. App. 474.

The instruction given, for which the judgment is reversed is:

"If the jury believe, from the evidence in this case, that the platform of the scaffolding in question did not have a sufficient covering or other proper provision to render its use reasonably safe to employes having business on the premises below and underneath said platform, and that the existence, location and use of the platform was not known to the plaintiff, Lee, and that the plaintiff was in the exercise of reasonable care at the time, and that for want of such covering, guard, railing or protection, the brick in question fell down from said platform, and struck and injured the plaintiff, then the defendants in this case are liable."

It is unnecessary to say anything about the objections to the closing speech of the counsel of the appellee; he can easily avoid endangering another verdict, if obtained, by like arguments.

*Reversed and remanded.*