Jensen v. Wetherell.

## Albert S. Jensen v. Oscar D. Wetherell.

1. PLEADING—*Defined by Chitty.*—Pleading is the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense.

2. SAME—*Stating a Duty in the Declaration.*—What duty is incumbent on a defendant upon the facts averred in the plaintiff's declaration is a question of law and not of fact. To state the duty is, therefore, superfluous and immaterial; it is mere surplusage and not even obnoxious to special demurrer.

3. PRACTICE—*General Demurrer—When There Is One Good Count.*— A judgment which sustains a demurrer to all the counts of a declaration, when there is one good count, must be reversed.

4. FORM OF DECLARATION—*Against the Owner of Dangerous Premises for Leaving Them Exposed to Children,* is stated in the opinion.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Judgment for defendant on demurrer to declaration. Appeal by plaintiff. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed November 16, 1898.

J. T. Booz, attorney for appellant.

E. L. BARBER, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer

filed by appellee to a declaration filed by appellant. The declaration contains nine counts. The first count sets forth the facts relied on as a cause of action, and omitting the formal commencement, is as follows:

" That on the 25th day of April, 1884, the defendant was possessed of, using, operating and controlling a planing mill, 347 feet east of South Lincoln street, 322 feet south of Blue Island avenue, and 116 feet west of South Wood street, in Chicago, Cook county, Illinois; that said planing mill was an open and unguarded structure situated in a lot or parcel of land to which free access was allowed, where children were allowed and permitted, with the knowledge and consent of the defendant, to congregate and play at pleasure adjacent to certain streets and highways in the midst of a thickly settled and populous district of said city, and supplied with certain dangerous machinery, to wit, planers, consisting among other things of certain revolving interlocking cog-wheels of such a character as to be attractive to children, and appeal to their childish curiosity, the dangerous character of which the defendant knew; that the defendant, well knowing the premises, while so operating said mill, and while said mill remained open and children were allowed to play around it as aforesaid, wrongfully, carelessly, negligently and improperly permitted the third planer from the north end of said mill to be, and continue badly, insufficiently and defectively covered, and the plaintiff, a child of the age of nine years, drawn and attracted to said dangerous machine by childish curiosity, then and there necessarily and unavoidably, while exercising all due care and caution for his own safety, had his left hand caught in said interlocking wheels, and four fingers of his said left hand so badly injured, that the said fingers had to be amputated, and the thumb of his left hand was split and torn, and thereby suffered great pain and mental anguish, was prevented from transacting his business, and lost large gains and profits, and his means of making and earning a living were greatly reduced, and his said injuries are permanent and lasting; that he expended five hundred dollars endeavoring to be healed."

The second count contains substantially the same allegations and the additional allegation, " That said planing mill and platform on which the planers were located was, with the knowledge and consent of the defendant, a common

playground for children." These counts are sufficient to
an understanding of the cause of action. The demurrer
was general and special, but causes of special demurrer not
relied on by appellee in his argument must be deemed
waived. Appellee's counsel says that " In each count, where
any neglect of duty is alleged at all, several acts of neglect
are charged in the same count," etc. This is said with
reference to allegations in some of the counts, " that it was
the duty of the defendant " to do so and so. The answer to
this objection is well stated by appellee's counsel in another
part of his argument, where he says : " The allegation of
duty is superfluous where the facts stated show a legal lia-
bility, and it is useless where they do not," citing Angus v.
Lee, 40 Ill. App. 304, and Gibson v. Leonard, 37 Ib. 344.
" Pleading is the statement, in a logical and legal form, of
the facts which constitute the plaintiff's cause of action, or
the defendant's ground of defense." 1 Chitty's Pl., 9 Am.
Ed., 213.

What duty is incumbent on a defendant, on the facts
averred in the plaintiff's declaration, is a question of law
and not of fact. To state the duty is, therefore, superflu-
ous and immaterial; it is mere surplusage and not even
obnoxious to special demurrer. Id. 229. The remainder
of appellee's argument is devoted to a discussion of the
merits, viz. : whether any of the counts of the declaration is
good in substance. We are of opinion that the first and
second counts are good in substance, and not obnoxious to
general demurrer, nor to special demurrer for any cause
relied on in the argument of appellee's counsel. City of
Pekin v. McMahon, 154 Ill. 141; Siddall v. Jansen, 168
Ill. 43.

The filing nine counts for the purpose of stating the facts
which appellant relies on seems to us wholly unnecessary,
and we have not critically examined all the counts in the
declaration, nor do we think it necessary so to do. The
judgment sustains the demurrer to all the counts, and there-
fore if any count is good, the judgment must be reversed.
The judgment will be reversed and the cause remanded.