MARGARET SWEENEY, widow of Bartley Sweeney, deceased, *vs.* THE JESSUP AND MOORE PAPER COMPANY.

*Demurrer—Negligence—Pleading—Ignorance of Plaintiff—Knowl- of Defendant.*

1. A count in plaintiff's declaration which averred that "a certain wood pulp digester \* \* \* \* \* \*, by means and force of the pressure of the steam created in and caused to be in said wood pulp digester exploded," etc., *held* sufficient on demurrer.

2. A declaration is not demurrable because it is not averred therein that the plaintiff was ignorant of the facts and circumstances which constituted the negligence complained of, nor because it does not aver that the defendant had or should have had notice or knowledge of any facts or circumstances which would constitute negligence on the part of the defendant.

*(March 5, 1903.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Herbert H. Ward* and *Sylvester D. Townsend, Jr.,* for plaintiff.

*Saulsbury, Ponder* and *Curtis* for defendant.

Superior Court, New Castle County, February Term, 1903.

ACTION ON THE CASE (No 151 to September Term, 1902), to recover damages for personal injuries causing the death of plaintiff's intestate.

Demurrer.

The first count of the declaration was as follows:

" 1. For that heretofore, to wit, at the time of the happening of the grievances hereinafter complained of, the said The Jessup

NOTE.—The above decision was followed in the case of *Schlissen vs. Wilmington Candy Company,* being a demurrer to a declaration, decided at the February Term, 1904; Chief Justice Lore and Associate Judges Pennewill and Boyce, sitting.

and Moore Paper Company was, and still is, a corporation existing under the laws of the State of Delaware, and the said Bartley Sweeney, on the twentieth day of August, A. D. 1902, at New Castle County aforesaid, was the husband of the said plaintiff and a servant in the employ of said defendant; that on the day aforesaid the said Bartley Sweeney, while he was a servant of said defendant, to wit, at the county aforesaid, was working in the pulp factory of said defendant, then owned and operated by the said defendant, in the Hundred of Christiana and county aforesaid, wherein was certain machinery, steam boilers, wood pulp digesters, tools and appliances used in the wood pulp manufacturing business of said defendant; that on the day and year last aforesaid, at the county aforesaid, while said Bartley Sweeney was so engaged at work for the said defendant, at the said wood pulp factory and works of said defendant, and while said Bartley Sweeney was in the exercise of due care and caution on his part, by and through the negligence and carelessness of said defendant, a certain wood pulp digester then and there being in said factory of said defendant and the property of said defendant, being a large, hollow receptacle made of metal, and then and there employed by said defendant in its process for reducing wood to wood pulp by the use therein of steam and other reducing agencies to the plaintiff unknown, in contact with the wood in said digester contained, by means and force of the pressure of the steam created in and caused to be in said wood pulp digester by the defendant aforesaid, for the purpose aforesaid, exploded, whereby and by means whereof and of the wrecking and destruction of the factory of said defendant resulting then and there from the explosion aforesaid, the said Bartley Sweeney then and there was so crushed, shocked, broken and injured in his limbs and head, that he then and there immediately died; that the death of the said Bartley Sweeney was caused by the said negligence of the said defendant; wherefore, the said plaintiff, Margaret Sweeney, the widow of the said Bartley Sweeney, says that she is injured and

hath sustained damage as such widow to the amount of Twenty Thousand Dollars ($20,000), and therefore she brings her suit."

The causes of demurrer to the above count were as follows:

1. That it does not appear by any allegation contained in the said first count in what respect the defendant was negligent or careless.

2. That it is not alleged in said count that said digester was defective and dangerous.

3. That it is not alleged in said count that the defendant had or should have had notice or knowledge of any facts or circumstances which would constitute negligence on the part of the defendant.

4. That it is not alleged in said count that the defendant did any act or failed to perform any duty which resulted in the injury to the said plaintiff's husband.

5. That it is not alleged in said count that the plaintiff's husband was ignorant of the facts or circumstances which constituted the negligence complained of.

6. That no cause of action against the defendant is set forth in said count.

### DEFENDANT'S BRIEF.

The counts of the declaration which fail to allege that the decedent was ignorant of the matter charged as constituting negligence on the part of the defendant are bad notwithstanding the general allegation that the decedent was exercising due care and caution.

*Chicago & Erie R. R. Co. vs. Lee (Ind.) 1 Amer. Neg. Rep., 486; Peterson vs. New Pgh. Coal and Coke Co., 149 Ind., 268; Evansville R. R. Co. vs. Duel, 134 Ind., 156.*

The count contains no averment of that which constituted the negligence, and the allegation is insufficient.

*King vs. W. & N. C. E. Ry., 1 Pennewill, 643; Jones' Admr.*

*vs. Peoples Ry., 4 Pennewill, 201; Clark vs. Diamond State Iron Co., 2 Pennewill, 522; Wright vs. W. C. Ry., 2 Marv., 141.*

## PLAINTIFF'S BRIEF.

The declaration is not demurrable because it is not averred that the plaintiff was ignorant of the facts and circumstances which constituted the negligence complained of.

*Hoffman vs. Dickinson, 31 W. Va., 142, 146; Crane vs. Mo. Pac. Ry. Co., 87 M⌐., 588, 594; Knaresborough vs. Mining Co., 3 Sawyer, 446; Young vs. Shickle, 15 S. W., 771; James vs. Mining Co., 55 Mich., 338; Magee vs. R. R., 78 Cal., 430; Robinson vs. R. R., 48 Cal., 426; Williams vs. Walton and Whann, 9 Houst., 322, 332–3; Clarke vs. Holmes, 7 H. & N., 937; S. W. Va. Imp. Co. vs. Andrew, 9 So. E. Rep., 101 (Va.); Cole vs. C. & N. W. Ry. Co., 67 Wis., 272; I. & C. R. R. Co. vs. Llien, 11 Ind., 38.*

The declaration is not demurrable for the reason that it doth not aver that the defendant had or should have had notice or knowledge of any facts or circumstances which would constitute negligence on the part of the defendant.

*Warner vs. West N. C. R. Co., 25 A. & E. R. R. Cases, 432; Branch vs. Port Royal, &c., Ry., 35 S. C., 405; Hoffman vs. Dickinson, 31 W. Va., 142, 146; Crane vs. Mo. Pac. Ry. Co., 87 Mo., 588, 594; Johnson vs. Mo. Pac. Ry. Co., 96 Mo., 545; Knaresbough vs. Mining Co., 3 Sawyer, 466; Young vs. Shickle, 15 S. W., 771; Quinn vs. Johnson Forge, 9 Houst., 338, 344; Clarke vs. Holmes, 7 H. & N., 937.*

LORE, C. J.:—The demurrer is overruled.