JEREMIAH R. WOOD and WALTER WOOD, trading as J. R. and W. R. WOOD, vs. THE WILMINGTON CITY RAILWAY COMPANY, a Corporation of the State of Delaware.

*Case—Personal Injuries—Negligence—Res Ipsa Loquitor—Electricity; Danger in Use—Electric Shock—Care Required—Damages.*

1. When the doctrine of *res ipsa loquitor* applies,—that is, when the accident itself, with all its surroundings, speaks in such way, and is of such a character as to show negligence on the part of the defendant company, there is imposed upon it the burden of rebutting such negligence by proof.

2. Electricity is known to be a very dangerous element, and in its use in the streets of the city by an electric railway company there is imposed upon the person using it the duty of due care and caution for the prevention of accident and for the protection of persons using such streets.

3. If such care is used and still accidents happen, there will be no liability, because there exists no negligence. The necessity for the use of electricity as a motive power in this day, for the public accommodation, is a matter of common knowledge and recognition. It is authorized by law, but in its use there must be the exercise of due care.

4. When an electric railway is under the control and management of a company, and the accident is of such a character as to show that it could not have happened in the ordinary course of events under reasonably careful management, it affords some evidence, in the absence of some explanation, that the accident arose from the want of care; but if it is satisfactorily shown that the defect which it is claimed caused the accident did not exist at the time of the accident, negligence would be rebutted.

*(June 7, 1905.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Levin Irving Handy* for plaintiffs.

*Walter H. Hayes, George N. Davis* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION ON THE CASE (No. 142 September Term, 1903), to recover damages for the value of a horse belonging to the plaintiffs, and

which they alleged was so badly injured by a shock of electricity received by stepping upon one of the street car tracks of the defendant company in the City of Wilmington on Eighth Street between French and King Streets, on June 16, 1903, that upon the advice of a veterinary surgeon the horse was shot.

At the trial the defendant admitted that it owned and was operating the road where the accident happened at the time of the accident by the motive power of electricity, and the plaintiff admitted that the defendant was lawfully operating said road at the time and place aforesaid.

When the plaintiff rested, counsel for defendant moved for a nonsuit on the following grounds :

*First.* Because there was no evidence that the electric current which was in the rail was put there by the defendant company.

*Second.* Because there was no proof of any defect in the bonding of the rails by means of which the electric current could escape, and no proof of notice to defendant of any such defect ; the proof, as contended, being simply that when the horse stepped upon the rail he received a shock and that the only way the current could escape would be through imperfect bonding of the rails.

*Boudwin vs. W. C. Railway, 4 Pennewill, 381 (384) ; Colbourn vs. Mayor and Council, 4 Pennewill, 443 ; Punkowski vs. New Castle Leather Co., 4 Pennewill, 544 (550) ; Reed vs. Queen Anne's Railroad, 4 Pennewill, 413 ; Betts vs. W. C. Railway, 3 Pennewill, 448 ; Green vs. Newark, 5 Pennewill, 316.*

*Handy,* for plaintiff, in reply to the first proposition urged in support of the motion for a nonsuit, contended that the admission of the defendants made at the opening of the case, viz., that their trolley cars were operated over the tracks at the time and place of the accident by means of electricity, rendered it unnecessary for plaintiff to prove that the electric current was placed in the track by

the defendant company, and moreover that there was proof that about the time of the accident a car was passing over the same track on which the horse was injured and but a short distance away, and that there was further testimony that the current from the wire was communicated through the trolley pole to the car, passing through the same and into the rails through which it was returned to the power house.

As to the second proposition, Mr. Handy contended that having shown by the testimony that the horse received a shock of electricity by stepping upon the rail of the defendant company's roadbed, and that having proved that if the bond connection between the separate pieces of rail had been made properly no shock could have been received by the horse, such facts and circumstances were proper evidence to go to the jury from which they could draw the reasonable inference that the bonding was not in perfect condition; that in a case like the present one, where a railway is using a dangerous agency like electricity along the surface of the streets of a city, the doctrine of *res ipsa loquitor* applies, and the fact that the injury occurred is evidence of negligence on the part of the defendant company in not properly inspecting and not preventing such a dangerous condition from existing in its tracks.

*Tram Passenger Railway Company vs. Cooper, 3 Am. Neg. Reports, 55; same vs. Bennett, ibid; Western Union Telegragh Company of Baltimore City and the Lebanon Railway Company vs. the State of Maryland, use of Edward Nelson, 82 Md., 293; Thomas vs. Western Union Telegraph Co., 100 Mass., 156; Excelsior Co. vs. Sweet, 57 N. J. L., 224; Barker vs. Lombard, Ayers and Co., 24 Vroom, 233; Alexander vs. Nanticoke Light Co., 17 Am. Neg. Reports, 354; Sweeney vs. Jessup & Moore Paper Co., 4 Pennewill, 284 (287).*

LORE, C. J.:—A majority of the Court think that the nonsuit should not be granted.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by J. R. and W. R. Wood against the Wilmington City Railway Company, to recover damages for injuries done to the horse of the plaintiffs on Eighth Street in this city, between French and King Streets, on the 16th day of June, 1903.

The allegation is that one of the plaintiffs was driving westwardly on Eighth Street and that his horse, stepping upon one of the rails of the company, received an electric shock from which he was injured, and because of that injury was shot. The plaintiffs claim that the electric current so put through their horse came from the rails of the company, and by reason of the negligence or want of care on the part of the defendant company.

This action is based upon the negligence of the defendant; and in order to recover, it is incumbent upon the plaintiffs to show to your satisfaction, by a preponderence of the proof, three things;

1. That the injury to the horse was by an electric current as is alleged in the declaration;

2. That the electric current came from the railway track of the defendant company; (3) that the current so came by reason of the fault or negligence of the said defendant.

Negligence is never presumed; it must be proved. The plaintiffs, however, in this case claim the benefit of the doctrine of *res ipsa loquitor*; that is, that the accident itself, with all its surroundings, speaks in such way and is of such a character as to show negligence on the part of the defendant company. And that imposes upon it the burden of rebutting such negligence by proof.

This may be one mode of showing that there is proof of negligence, and if negligence is shown, then that negligence must be met, or the plaintiffs are entitled to recover.

In this case it is admitted that the defendant company was operating a railway by electricity at the time and at the place of the accident. Electricity is known to be a very dangerous element and in its use in the streets of the city by an electric railway company

there is imposed upon the person using it the duty of due care and caution for the prevention of accident and for the protection of persons using such streets or highways; and such care must always be in proportion to the danger of the surroundings and to the character of the appliances used for electric purposes. If such due care is used and still accidents happen, there will be no liability, because there exists no negligence. The necessity for the use of electricity as a motive power in this day, for the public accommodation, is a matter of common knowledge and recognition. It is authorized by law, but in its use there must be the exercise of due care.

Whether there be evidence of negligence in an accident must be determined by the facts of each particular case. Where an electric railway is under the control and management of a company, and the accident is of such a character as to show that it could not have happened in the ordinary course of events under reasonably careful management, it affords some evidence, in the absense of any explanation, that the accident arose from the want of care, but if it is satisfactorily shown that the defect which it is claimed caused the accident did not exist at the time of the accident, negligence would be rebutted.

If you believe from the evidence that the horse of the plaintiffs was injured by an electric shock received from the railway track of the defendant company and that the injury would not have happened if the defendant company had exercised all the care and precaution which it should have exercised under the circumstances, then your verdict should be for the plaintiffs, and for such sum as would reasonably compensate them for their loss. If the injury to the horse arose from any other cause than the electric shock, or if such electric shock came from some other source than the track of the electric company, the plaintiffs cannot recover; and even if the current came from the railway of the defendant company, yet the company could not have known of that defect in the exercise of reasonable and proper care under the circumstances, then in that event your verdict should be for the defendant.

Verdict for the plaintiffs for $150.