JAMES T. EDMANSON *vs.* WILMINGTON & PHILADELPHIA TRACTION COMPANY.

1.   ELECTRICITY—ALLEGATIONS OF KNOWLEDGE OF FALLEN ELECTRIC WIRE AND FAILURE TO REPAIR IMPUTES SPECIFIC ACT OF NEGLIGENCE.

Any allegation of knowledge of defendant of its broken or fallen wire and the failure to repair the defect after knowledge imputes a specific act of negligence to defendant.

2.   NEGLIGENCE—DOCTRINE OF "RES IPSA LOQUITUR" STATED.

Doctrine of "res ipsa loquitur" applies whenever a thing which produced an injury is shown to have been under the control of defendant and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, in which event the fact of the injury itself will be deemed to afford sufficient evidence to support a recovery, in the absence of any explanation by defendant tending to show that the injury was not due to his want of care.

3.  Negligence—Doctrine of res Ipsa Loquitur Casts Burden of Explanation on Defendant.

Where the doctrine of *res ipsa loquitur* applies, the accident itself makes a *prima facie* case of negligence and casts upon defendant the burden of explanation.

4.  Negligence—Duty to Avoid Injury Requisite Element.

To make negligence actionable there must exist a duty of defendant not to subject plaintiff to injury, a breach of that duty, and an injury.

5.  Negligence—Allegation of Duty Required.

Where the facts stated raise a duty owing by defendant to plaintiff, an allegation of duty is unnecessary.

6.  Pleading—Allegation That Doing of Particular Thing is a Duty is Conclusion of Law.

The allegation that it is one's duty to do or not to do a particular thing is a mere statement of conclusion of law, and is not traversable.

7.  Electricity—Declaration in Action for Injuries From Electric Wire Held to State Facts From Which Negligence Presumed.

A declaration alleging defendant owned and maintained electric wires for commercial purposes, that wires were strung along a public highway adjoining plaintiff's land, that through defendant's negligence the electric wire had broken apart and hung down, that the current was transmitted to a wire fence on plaintiff's land, and upon his touching the wire fence, in ignorance of defendant's negligence, he was greatly injured, *held* to state facts from which negligence may be presumed, the doctrine of *res ipsa loquitor* applying so that it was not necessary to specify particular acts of negligence or defendant's knowledge of the broken wire.

8.  Electricity—Declaration in Action for Injury From Electric Wire Held to State Facts Creating Duty of Defendant to Plaintiff so that Specific Allegation of Duty was not Necessary.

A declaration alleging defendant owned and maintained electric wires for commercial purposes, that wires were strung along a public highway adjoining plaintiff's land, that through defendant's negligence the electric wire had broken apart and hung down, that the current was transmitted to a wire fence on plaintiff's land, and upon his touching the wire fence, in ignorance of defendant's negligence, he was greatly injured, *held* to state facts creating a duty of defendant to plaintiff, so that it was not necessary specifically to allege such duty.

(*May* 8, 1923.)

Richards and Rodney, J. J., sitting.

*Horace G. Eastburn* for plaintiff.

*Herbert H. Ward, Jr.*, (of Ward, Gray & Neary) for defendant.

Superior Court for New Castle County, January Term, 1923.

Demurrer, No. 131, May Term, 1922.

In this case the plaintiff has filed his declaration consisting of three counts.   The first two counts, in slightly different language,

allege that the defendant owned and maintained electric wires for commercial purposes extending from the power house in the City of Wilmington to the Town of Newark; that the wires were strung along a public highway adjoining land of the plaintiff; that through the negligence of the defendant the electric wire had broken apart, fallen and was hanging down to or upon the ground; that the current was transmitted to a wire fence on the land of the plaintiff and upon the plaintiff's touching the wire fence in ignorance of the negligence of defendant, he was severely shocked by the electricity and greatly injured. These counts did not specifically set out any duty resting upon the defendant nor did they specify with particularity the negligence of the defendant.

The third count is based upon the same state of facts and alleges it was the duty of the defendant to provide and maintain its wires in such a manner that they would not break or come in contact with persons using the highway.

To all three counts demurrers have been entered which may be summarized as follows: to the first and second counts it is objected, (1) that no particular acts of negligence are alleged on the part of the defendant as being the cause of the breaking or falling of the electric wires, or the cause of transmission of the electric current through the ground; (2) that no duty is alleged on the part of the defendant and no facts are set out from which a duty can be implied; (3) that it is not alleged that the defendant knew or should have known that the wire was broken, fallen or hanging down. To the third count the causes of demurrer are the third objection just mentioned and also that there is no duty on the defendant as alleged in the third count, "to provide and maintain its wires through which passed a current or currents of electricity, in such a manner that they would not break or come in contact with persons passing along or near the said public highways" because, it is argued, the imposition of such a duty would make the defendant an insurer.

RODNEY, J., delivering the opinion of the Court:

[1] We will consider together the objection that the plaintiff has not set out any particular acts of negligence on the part of the

defendant as being the cause of the breaking and falling of the electric wire and the failure to allege that the defendant knew or should have known that the wire was broken or fallen down. We consider these two objections together because any allegation of knowledge on the part of the defendant of a broken or fallen wire and the failure to repair the defect after knowledge, would only be material as imputing a specific act of negligence to the defendant, and the failure to make any such allegation is equivalent to the first objection, viz., that no specific act of negligence is set out.

Why should it be incumbent on the plaintiff to set out any specific act of negligence? He has alleged that the defendant owned and operated the electric wire in question for the transmission of electricity for commercial purposes such as light, heat and power; that the wire broke and electricity escaped therefrom and seriously injured the plaintiff then upon his own premises and without negligence on his part. These facts are admitted by the demurrer.

[2] While it is true that the mere fact of injury will not give rise to a presumption of negligence, and it is also true that he who relies upon the negligence of another to entitle him to recover in an action against such negligent person, must allege and prove such negligence, yet there are certain principles and doctrines which may be taken into consideration. One of these is the doctrine of *"res ipsa loquitur."* The phrase literally means "the thing speaks for itself," but a more helpful explanation of it would be that the doctrine applies whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. 20 *R. C. L., p.* 187.

It will be readily seen from this definition that the doctrine rests upon a foundation formed of presumptions and facts which

must be present in order that the doctrine may apply. The inference or presumption of negligence does not arise from the injury itself but from the nature of the cause of the injury. 1 *Shearman & Redfield on Negligence* (6th Ed.), *p.* 131.

Presumptions arise from the doctrine of probabilities. The future is measured and weighed by the past, and presumptions are created from the experience of the past. What has happened in the past, under the same conditions, will probably happen in the future and ordinary and probable results will be presumed to take place until the contrary is shown. 20 *R. C. L.* 186; *Judson v. Giant Powder Co.*, 107 *Cal.* 549, 40 *Pac.* 1020, 29 *L. R. A.* 718, 48 *Am. St. Rep.* 146.

To this presumption certain elements of fact must be added. The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause and finally that the cause of injury was something out of the usual order. The presumption here exists and the facts are here present and admitted by the demurrer so that the sole question on this branch of the case is whether the doctrine of *res ipsa loquitur* applies to a case of this kind. The authorities are so numerous and so surprisingly uniform in sustaining such application that the difficulty is one rather of selection for citation. Pennsylvania alone, with the possible exception of Michigan, runs counter to the general current of authorities, and the Pennsylvania decisions are by no means harmonious and consistent.

In *Curtis on Law of Electricity*, § 594, it is said:

"If a wire suspended in a street or highway or other place falls or sags from its normal position and an injury is thereby occasioned, it is generally held that the rule *res ipsa loquitur* is applicable and the injured person is entitled to recover for his injuries against the party maintaining the wire unless the latter rebuts the inference of negligence. Or stating the principle in other words, the fact that a person while travelling along a public highway, is injured by contact with a highly charged electric wire, raises a presumption of negligence on the part of the company maintaining the wire."

In 9 *R. C. L.*, *p.* 1221, it is said:

"The mere introduction of the facts surrounding an injury from electricity, showing that such injury resulted from contact with live electric wires or other appliances when out of proper condition or out of their proper place, may suffice, under this doctrine of *res ipsa loquitur*, to raise a *prima facie* presumption that the electrical company having such appliances in charge has been negligent in the performance of its duty and to place upon the company the burden of overthrowing such presumption."

In 10 *A. & E. Encylopedia of Law* (2d *Ed.*) 874, it is said:

"While, as a general rule, negligence is not to be presumed, it has been held that where a person has been injured by coming in contact with an electric light wire which had fallen into the street negligence might be presumed in the absence of something appearing in the case to repel that presumption."

To the same effect, with the citation of many cases, is 2 *Cooley on Torts* (3d *Ed.*), p. 1424, etc.

Indeed it is not necessary to seek examples beyond our own state except for the purpose of showing the support our own decision has had both in reason and authority.

In *Wood v. Wilmington City Ry. Co.*, 5 *Penn.* (21 *Del.*) 369, 64 *Atl.* 246, it is said:

"Negligence is never presumed; it must be proved. The plaintiffs, however, in this case claim the benefit of the doctrine of *res ipsa loquitur*; that is, that the accident itself, with all its surroundings, speaks in such a way and is of such a character as to show negligence on the part of the defendant company. And that imposes upon it the burden of rebutting such negligence by proof.     *   *   *   Where an electric railway is under the control and management of a company, and the accident is of such a character as to show that it could not have happened in the ordinary course of events under reasonably careful management, it affords some evidence, in the absence of any explanation, that the accident arose from the want of care," etc.

The almost uniform decisions to the same effect from more than a score of jurisdictions are collected in the following citations: *Curtis on the Law of Electricity*, § 594; 9 *R. C. L.,p.1221; Walter v. Baltimore Elec. Co.*, 109 *Md.* 513, 71 *Atl.* 953, 22 *L. R. A.* (*N. S.*) 1178 and note; *Western Coal & Min. Co. v. Garner*, 87 *Ark.* 190, 112 *S. W.* 392, 22 *L. R. A.* (*N. S.*) 1183, and note; *Jacob Doll & Sons, Inc., v. Ribetti*, 203 *Fed.* 593, 121 *C. C. A.* 621; 5 *N. C. C. A.* 1-51.

This case must not be confused with those collision cases such as *Campbell v. Walker*, 1 *Boyce* (24 *Del.*) 580, 76 *Atl.* 475, and *Silvia v. Scotten*, 1 W. W. Harr. (31 *Del.*) 290, 114 *Atl.* 206, where the act of negligence that caused the collision was itself the cause of

action making it necessary to specify the particular act of negligence relied upon. This case comes rather under the excption set out in *Campbell v. Walker*, 1 *Boyce* 584, 76 *Atl.* 477, where it is said:

The "averment of the fact of a collision, without stating the particular act of negligence that caused it, may be sufficient in those exceptional cases where by reason of the relation of the parties, the law places upon one a high duty to prevent injury to another, or where the act itself bespeaks the negligence of its cause."

[3]    The courts of many states where the doctrine of *res ipsa loquitur* applies have not clearly differentiated between the presumption of negligence of the defendant and the shifting of the burden of proof, and many cases have cast this burden on the defendant. It is perhaps not accurate to say that the burden of proof is on the defendant to show that the accident is not the result of his negligence, but the accident itself makes a *prima facie* case of negligence and casts upon the defendant the burden of explanation—the burden of rebutting the inference that it has failed to use due care. This distinction is clearly pointed out in the note to *Cleveland, C., C., etc., R. Co. v. Hadley*, 170 *Ind.* 204, 82 *N. E.* 1025, 84 *N. E.* 13, 16 *L. R. A. (N. S.)* 527, 16 *Ann. Cas.* 1.

[4]    We now finally come to the objection that the first and second counts do not expressly aver a "duty" resting upon the defendant, and no facts are stated from which a duty can be implied and also that in the third count a "duty," as such, is alleged with which the defendant cannot be charged. In every case of actionable negligence, of course, there must be three elements, (1) the existence of a duty on the part of the defendants not to subject the plaintiff to the injury of which he complains, (2) a failure by the defendant to observe that duty and (3) an injury to the plaintiff.

[5]    While it is necessary that these elements appear in every case, there is no necessity that the duty, as such, be alleged in these very terms. Such allegation is surplusage, since, if the facts stated raise the duty, the allegation is unnecessary; *Deluchio v. Shaw*, 1 W. W. Harr. (31 *Del.*) 509; if they do not, such allegation is unavailing. *Seymour v. Maddox*, 16 *Q. B.* 326, 117 *Eng. Reprint* 904; *Brown v. Mallett*, 5 *C. B.*599; 136 *Eng. Reprint* 1013; *Jensen v. Wetherell*, 79 *Ill. App.* 33; *Hewison v. City of New Haven*, 34 *Conn.* 136, 91 *Am. Dec.* 718.

[6] The allegation, however, that it is one's duty to do or not do a particular thing is a mere statement of a conclusion of law and is not traversable. *Chicago & A. R. Co. v. Clausen*, 173 *Ill.* 100, 50 *N. E.* 680; *Ward v. Chicago & N. W. Ry. Co.*, 61 *Ill. App.* 530; *Marvin Safe Co. v. Ward*, 46 *N. J. Law* 19; *Hayden v. Sinthville Mfg. Co.*, 29 *Conn.* 548; *Brown v. Mallett, supra; Seymour v. Maddox, supra.*

[7, 8] Since a declaration in an action for a negligent breach of duty need only state the facts upon which the supposed duty is founded with the breach of which the defendant is charged, and since in this case we have already reached the conclusion by the application of the doctrine of *res ipsa loquitur* that the declaration does state facts from which negligence may be presumed, we now hold the declaration sufficient and overrule the demurrer.