HARRY J. SHEING, Plaintiff, v. REMINGTON ARMS COMPANY, INC., Defendant.

(*October* 19, 1954.)

RICHARDS, P. J., sitting.

*Henry van der Goes* (of Young and Wood) for the plaintiff.

*William Prickett* for the defendant.

Superior Court for New Castle County, No. 768, Civil Action, 1952.

RICHARDS, P. J.:

The plaintiff brought this action to recover damages for injuries which he received, as the result of the explosion of a shotgun shell, which was manufactured by the defendant, in the open breach of his shotgun.

The shell was taken from a box of shells purchased from a retail merchant. When the plaintiff put it in his shotgun and attempted to fire it the shell failed to discharge; he then broke his gun and the ejector threw it out causing it to fall on the ground. After he picked it up and put it back in the barrel of his gun but before he could close it, while the breach was still open, the shell exploded causing his injury.

Rule 9(b) provides, that in all averments of negligence, the circumstances constituting the negligence shall be stated with particularity.

Paragraph three of count two is in the following language:

"The injuries suffered by the plaintiff as a result of the exploding of the shell, as aforesaid, were due to the negligent acts of the defendant, Remington Arms Company, Inc., in manufacturing the said shell, the exact nature of which acts is unknown to the plaintiff".

The plaintiff contends, that it is not necessary to state the negligence of the defendant more specifically as the case is controlled by the doctrine of *res ipsa loquitur*.

This doctrine was first recognized in England in the case of *Byrne v. Boadle*, 2 *H. & C.* 722, 159 *Eng. Rep.* 299. In this case the plaintiff was injured while walking past the defendant's place of business on a public street, when a barrel of flour fell on him from a window above the street. The Court held there was sufficient evidence of negligence, to impose upon the defendant the burden of proving that the accident was not caused by his negligence.

It is not necessary to look to other jurisdictions for support of the doctrine as it has often been applied by the Court of this State. In the case of *Sweeney v. Jessup & Moore Paper Co.*, 4 *Penn.* 284, 54 *A.* 954, decided in 1903, one of the grounds of demurrer to the declaration was, that it does not appear by any allegation contained in the first count in what respect the defendant was negligent or careless. The Court overruled the de-

murrer without an opinion. Where the plaintiff relied upon the doctrine of *res ipsa loquitur* in the case of *Wood v. Wilmington City Ry. Co.*, 5 *Penn.* 369, 64 *A.* 246, 247, in charging the jury the Court said:

"Whether there be evidence of negligence in an accident must be determined by the facts of each particular case. Where an electric railway is under the control and management of a company, and the accident is of such a character as to show that it could not have happened in the ordinary course of events under reasonably careful management, it affords some evidence, in the absence of any explanation, that the accident rose from the want of care."

In *Edmanson v. Wilmington & Philadelphia Traction Co.*, 2 *W. W. Harr.* 177, 120 *A.* 923, 924, in overruling a demurrer, the Court said:

"The doctrine applies whenever a thing which produces an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care."

The same principle was applied in the cases of *Starr v. Starr*, 5 *W. W. Harr.* 556, 170 *A.* 924; *Mitchell v. Atkins*, 6 *W. W. Harr.* 451, 178 *A.* 593 and *Thompson v. Cooles*, 7 *W. W. Harr.* 83, 180 *A.* 522.

The more recent case of *Slack v. Premier-Pabst Corp.*, 1 *Terry* 97, 5 *A.* 2d 516, after referring to the cases above mentioned, contains the following explanation of the doctrine:

"The rule, being one of evidence, of a limited and restricted scope, and not arbitrary or inexorable in its nature, is to be applied with a cautious judgment and not in a manner to work injustice to a defendant. Apart from circumstances imposing an

absolute duty, it is not applied except where the transaction was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and the result is so unaccountable that the defendant's negligence as a proximate cause of the injury is the only fair inference to be drawn from the circumstances."

The facts in the case of *Sierocinski v. E. I. Du Pont De Nemours & Co.*, D. C., 25 *F. Supp.* 706, are very much like the facts of the case now under consideration. In that case the plaintiff was injured when a dynamite cap manufactured by the defendant, exploded while he was crimping it. Neither the plaintiff nor his employer purchased the cap directly from the defendant. The occurrence was on the premises of the plaintiff's employer and not on the premises of the defendant. The Court held that the doctrine of *res ipsa loquitur* did not apply.

The plaintiff contends that the factor of control must necessarily be one of degree and that he is entitled to have all fair and reasonable inferences made in his favor. Also that it may be inferred that the shell which the plaintiff used had been placed in the channels of trade in the normal way, had not been subjected to more than ordinary wear and tear in being handled from the time it left defendant's place of business to the time it was sold by the retailer, and that he used due care in handling it. He further contends that these circumstances fairly and reasonably raise the presumption that the delayed explosion of the shell was due to the negligent manufacture or inspection by the defendant.

Some authorities take the position, that the condition of exclusive control in the defendant is not essential, and that the primary consideration should be whether, in the particular case, the circumstances are such as to justify the inference that the injury was the result of defendant's negligence. *The Rocona v. Guy F. Atkinson*, 9 Cir., 173 *F.* 2d 661; *Peterson v. Minnesota Power & Light Co.*, 207 *Minn.* 387, 291 *N. W.* 705; *Armour & Co. v. Leasure*, 177 *Md.* 393, 9 *A.* 2d 572; *Jump v. Ensign Bickford Co.*, 117 *Conn.* 110, 167 *A.* 90.

There is no doubt that at the time the plaintiff was injured the shotgun shell was not under the control of the defendant; in fact, it is not contended that it was.

▮ The facts of the case do not support the contention that the delayed explosion of the shell was caused by the negligence of the defendant at the time it was manufactured. Shotgun shells are necessarily manufactured with precision and care. Many things may happen to a shell after it leaves the place where it was manufactured which will materially interfere with its adjustment and cause it to explode in a different manner from the manner intended. The package containing the shell in question may have been dropped or received a hard knock after it left the control of the defendant and before it reached the retailer, or after it came into the possession of the retailer which would have an affect upon it which was not intended. The strength of the spring which controlled the hammer of the plaintiff's gun may have been responsible for the delayed explosion.

▮ I am inclined to take the view that the instrumentality which caused the injury should be under the control of the defendant in order for the doctrine to apply; but the facts of this case leave no doubt in my mind that plaintiff's injury was not caused by the negligence of the defendant.

The defendant's motion is granted.