# TEXAS AND PACIFIC RAILWAY COMPANY *v.* BARRETT.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 247. Argued and submitted March 23, 1897. — Decided April 19, 1897.

A railway company is bound to use ordinary care to furnish safe machinery and appliances for the use of its employés, and the neglect of its agents in that regard is its neglect; and if injury happens to one of its employés by reason of the explosion of a boiler which was defective and unfit for use, and the defect and unfitness were known or by reasonable care might have been known to the servants of the company whose duty it was to keep such machinery in repair, their negligence is imputable to the company; but in an action against the company by the injured employé, the burden of proof is on the plaintiff to show that the exploded boiler and engine were improper appliances to be used on the railroad, and that the boiler exploded by reason of the particular defects insisted on by plaintiff.

THE case is stated in the opinion.

*Mr. David D. Duncan* for plaintiff in error. *Mr. John F. Dillon* and *Mr. Winslow F. Pierce* were on his brief.

*Mr. A. H. Garland* and *Mr. R. C. Garland,* for defendant in error, submitted on their brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action to recover for personal injuries, brought by Barrett, in the District Court of Tarrant County, Texas, against the Texas and Pacific Railway Company, and removed on the application of the company to the Circuit Court of the United States for the Northern District of Texas. Plaintiff obtained a verdict and judgment, and defendant thereupon carried the case on writ of error to the Circuit Court of Appeals for the Fifth Circuit, by which the judgment was affirmed. 30 U. S. App. 196.

Plaintiff's complaint averred that he " is a resident of said Tarrant County and that defendant is a railway corporation,

duly incorporated." The petition for removal was sufficient, and as the company was created by act of Congress the Circuit Court properly entertained jurisdiction. *Texas & Pacific Railway* v. *Cody*, 166 U. S. 606.

On the trial there was evidence tending to show that Barrett, while in the employment of the company as foreman in charge of a switch engine, and at work in the company's yard, was injured by the explosion of another engine, with which he had nothing, and was not required to have anything, to do, and which had been placed by the foreman of the round house on a track in the yard, with steam up, to take out a train; that the boiler of the locomotive at the time it exploded, and for a considerable time before that, was, and had been, in a weak and unsafe state by reason of the condition of the stay bolts, many of which had been broken before the explosion, and some of them for a long time before; that there were well-known methods of testing the condition of stay bolts in a boiler engine; and that if any of these tests had been properly applied to this boiler within a reasonable time before the explosion, the true condition of the stay bolts would have been discovered.

The Circuit Court instructed the jury, at defendant's request, "that the master is not the insurer of the safety of its engines but is required to exercise only ordinary care to keep such engines in good repair, and if he has used such ordinary care he is not liable for any injury resulting to the servant from a defect therein not discoverable by such ordinary care"; "that the mere fact that an injury is received by a servant in consequence of an explosion, will not entitle him to a recovery, but he must, besides the fact of the explosion, show that it resulted from the failure of the master to exercise ordinary care either in selecting such engine or in keeping it in reasonably safe repair"; and "that a railway company is not required to adopt extraordinary tests for discovering defects in machinery, which are not approved, practicable and customary; but that it fulfils its duty in this regard if it adopts such tests as are ordinarily in use by prudently conducted roads engaged in like business and surrounded by like circumstances."

And thereupon further charged that a railway company is bound to use ordinary care to furnish safe machinery and appliances for the use of its employés, and the .neglect of its agents in that regard is its neglect; that it is not bound to insure the absolute safety thereof, nor to supply the best and safest and newest of such mechanical appliances, but is bound to use all reasonable care and prudence in providing machinery reasonably safe and suitable for use, and in keeping the same in repair; that "by ordinary care is meant such as a prudent man would use under the same circumstances; it must be measured by the character and risks of such business; and where such persons, whose duty it is to repair the appliances of the business, know, or ought to know by the exercise of reasonable care, of the defects in the machinery, the company is responsible for their neglect." That: "If the jury believe from the evidence under the foregoing instructions, that the boiler which exploded and injured the plaintiff was defective and unfit for use, and that defendant's servants, whose duty it was to repair such machinery, knew, or by reasonable care might have known of such defects in said machinery, then such neglect upon the part of its servants is imputable to the defendant, and if said boiler exploded by reason of said defects and injured the plaintiff, the defendant would be responsible for the injuries inflicted upon plaintiff, if plaintiff in no way, by his own neglect, contributed to his injuries." But that "the burden of the proof is on the plaintiff throughout this case to show that the boiler and engine that exploded were improper appliances to be used on its railroad by defendant; that by reason of the particular defects pointed out and insisted on by plaintiff the boiler exploded and injured plaintiff. The burden is also on plaintiff throughout to show you the extent and character of his sufferings and the damages he has suffered by reason thereof. You must also be satisfied that plaintiff was ignorant of the defects in the boiler that caused its explosion, if the evidence convinces you that such was the case; and that he did not by his negligence contribute to his own injury."

We think that these instructions laid down the applicable

rules with sufficient accuracy and in substantial conformity with the views of this court as expressed in *Hough* v. *Railway Company*, 100 U. S. 213; *Northern Pacific Railroad* v. *Herbèrt*, 116 U. S. 642; *Washington & Georgetown Railroad* v. *McDade*, 135 U. S. 554; *Union Pacific Railway* v. *Daniels*, 152 U. S. 684, 688; *Northern Pacific Railroad* v. *Babcock*, 154 U. S. 190, and other cases.

Exceptions were preserved to portions of the charge, and to the refusal of the Circuit Court to give certain instructions requested by defendant, but, taking the charge as a whole, we are of opinion that the Circuit Court of Appeals rightly held that no reversible error was committed. These matters fully appear in the report of the case in that court, and we do not feel called upon to restate them here in detail.

*Judgment affirmed.*