BRADY v. WESTERN UNION TEL. CO.

(Circuit Court of Appeals, Sixth Circuit. February 10, 1902.)

No. 1,004.

1. MASTER AND SERVANT—INJURY TO SERVANT—INCOMPETENCY OF FELLOW SERVANT.

A master owes the duty of using proper diligence in the employment of competent men to perform the duties for which they are engaged, and he cannot escape this responsibility by delegating his duty to an agent who is a fellow servant of the injured employé, and after the employment of the servant it is the duty of the master to keep himself advised as to his fitness.

2. SAME—INJURY THROUGH INCOMPETENCY OF FELLOW SERVANT—SUFFICIENCY OF PROOF.

To entitle a servant to recover from the master for an injury on the ground that it resulted from the negligence of an incompetent fellow servant, for whose employment or retention in the service defendant was chargeable with negligence, it must be definitely shown that it was in fact the negligence of such person which caused the injury. Proof which goes no further than to show his known incompetency, and that the act of negligence was committed either by him or by another fellow servant, does not warrant an inference that the negligence was his, and is insufficient to fix liability on defendant.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

The evidence in this case showed that the plaintiff was in the employ of the defendant as one of four linemen, whose business it was to carry the wire from the ground and fasten it by means of a tie wire to the glass insulators on the poles at a height of from 30 to 35 feet. It was shown that when the main wire was in position it was the duty of an employé, called a "jackman," to tighten it on receiving the proper signal from the linemen when they were ready. The manner of giving this signal was for the lineman farthest from the jackman to signal the lineman nearest to himself, who in turn passed the signal, when he was ready, to the second lineman, who, when he was prepared, signaled the lineman nearest to the jackman, from whom the jackman received the signal, which indicated that all of the linemen were ready to have the wire tightened, and upon that signal he tightened it. The evidence tended to show that the jackman was an unfit man for his position on account of having been addicted to the excessive use of intoxicating liquors for many years, and on account of his carelessness in tightening the wires on a number of occasions preceding the accident without signals from the linemen on the poles; and that the foreman, who had authority to hire and discharge the jackman, knew of his incompetency. The plaintiff on the morning of January 25, 1899, was tying the wire on the second pole from the jackman, and before he was ready, and before he had given any signal, and while reaching for his wrench, the wire was tightened, throwing into his face the tie wire, one end of which struck his eye and put it out, to recover damages for which injury this action was begun. On the conclusion of the plaintiff's evidence the trial judge directed a verdict for the defendant, and to review the judgment on that verdict the case is brought here on writ of error.

Edward McNamara (Harrison Geer and David E. Heineman, of counsel), for plaintiff in error.

C. A. Kent, for defendant in error.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

It is settled law in the federal courts that the master owes the duty of using proper diligence in the employment of competent men to perform the duties for which they are engaged, and that he cannot escape this responsibility by delegating his duty to an agent who is a fellow servant of the injured employé; and after the employment of the servant it is the duty of the master to keep himself advised as to his fitness, so that an incompetent person may not continue in the service to endanger the lives and limbs of his fellow servants. Railroad Co. v. Henthorne, 19 C. C. A. 623, 73 Fed. 634, and the large number of cases cited in that opinion by Judge Taft. The evidence in this case, however, does not show that the negligence of this jackman caused the injury. The plaintiff testified that he had given no signal before the wire was pulled by the jackman. But it appears that the jackman should receive the signal from the lineman nearest to him, who occupied the pole between the plaintiff and the jackman. There is no evidence showing that the lineman next to the jackman had not transmitted the signal, although the evidence is clear that he had not received the signal from the plaintiff. It is possible that the jackman did not receive this signal, but it was necessary to show that he did not before the plaintiff could recover. If he did receive the signal, it was his duty to tighten the wire, as he did, and the defendant could not be charged with negligence. It is not sufficient to show that an accident has occurred, and that it may have been caused by the negligence of an incompetent servant, for whose employment and retention in his service the master is liable, but the fact must be shown. In this case the court would not have been justified in allowing the jury to infer the absence of a signal when it could have been shown by positive proof if the signal had not been given. In Patton v. Railway Co., 179 U. S. 658–663, 21 Sup. Ct. 275, 277, 45 L. Ed. 361, the court says:

"The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence. Railway Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136. * * * It is not sufficient for the employé to show that the employer may have been guilty of negligence,—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

In the absence of proof of the tightening of this wire before receiving the proper signal, which was a necessary fact, the court would not have been justified in submitting the case to the jury, and it is

not necessary to notice the other questions discussed by counsel at the hearing.

The judgment is affirmed,