MOIT v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Sixth Circuit. May 10, 1907.)

No. 1,616.

1. MASTER AND SERVANT—ACTION FOR INJURY OF SERVANT—EVIDENCE OF MASTER'S NEGLIGENCE.

Where plaintiff, a car repairer employed by defendant railroad company, was injured while repairing the trucks which had been removed from under the end of a car by the falling of the end of the car which had been jacked up by other employés, and rested upon the jacks, there was no presumption of negligence on the part of defendant arising from the

accident itself, and no ground of recovery against it for the injury was shown, in the absence of any substantive proof of its negligence or of any evidence to show what caused the car to fall.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 881, 898.]

2. SAME—UNSAFE PLACE TO WORK—NEGLIGENCE OF FELLOW SERVANTS.

The jacking up of the end of a railroad car for the purpose of repairing the trucks was not a part of the master's duty of providing a reasonably safe place for the employés to work, but a part of the duty of the servants making the repairs, and there can be no recovery against the master for an injury resulting to a fellow servant from their negligence in doing the work, the appliances furnished by the master not being shown to have been insufficient nor defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 352.]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Jere Horne, for plaintiff in error.

A. W. Biggs, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit for personal injury. The plaintiff below was a car repairer. He was at work under the trucks removed from one end of a jacked-up box car. While thus engaged, the end of the car fell upon his legs, which extended beyond the trucks. The court below directed a verdict for the railroad company on the ground that there was no proof that its negligence caused the injury.

The evidence below was limited to the plaintiff, George W. Moit, at the time of the accident employed as a car repairer in the shops of the Illinois Central Railroad Company, at Memphis, Tenn., and an employé who worked along with him, his so-called "partner," John K. Brigance. On February 18, 1905, Moit was ordered by his foreman to assist Brigance in placing a bolster on the trucks of a car then in the yard. When Moit and Brigance reached the car, they found one end of it jacked up and the trucks removed. These trucks were still partly underneath the jacked-up end. It was necessary for Moit and Brigance, in order to do their work, to remove the nuts from certain bolts connected with the trucks. These bolts held the bolster on. Moit found that the nuts could not be removed with a wrench; they had rusted, and the bolts would turn with the nuts. As a result, it became necessary to cut the nuts off, and Moit was under the trucks holding an iron maul against a nut while Brigance cut it off with a cold chisel, when the accident occurred. While Moit and Brigance were thus at work, Moit's legs extending to a point beneath the end of the car, the jacks gave way, and the end of the car fell. It struck the trucks, rolled them away, and fell upon Moit's legs, injuring them so severely that one had to be amputated, and the other was so crippled as to become almost useless.

The car was an ordinary freight or box car. It was jacked up in the customary way for an empty car. There was testimony tending to show that a loaded car, when jacked up, was ordinarily supported by

trestles. As to whether this car was loaded or not, Moit was without knowledge. The door of the car on his side, as he passed it going to his work under the trucks, was fastened. Brigance testified that "the car was loaded with shavings, sawdust, trash, out of the shed." But Brigance did not discover this until after the accident, and the testimony he thus gives is far from satisfactory upon the point that the car was "loaded" in the common acceptation of the term, and needed to be supported by trestles when jacked-up. Indeed, there is no proof whatever upon the latter point.

The only explanation given, or offered, of the cause of the accident, was by Brigance, who, when asked what caused the car to fall, said:

"I could not tell, without the ground was froze and kinder thawing that evening, and the jacks slipped. The car slued and caused it to fall, I think."

This is a mere conjecture on the part of Brigance, for he says his back was turned to the car when it fell. There is no other testimony on this point; nothing tending to show that the jacks were defective, or that they gave way, or the car slued because of any fault on the part of the company.

1. Plaintiff's case was based upon the alleged duty of the railroad company to provide the plaintiff with a reasonably safe place in which to work and reasonably safe appliances with which to work. It contended that the car fell, either because the jacks were defective or were used in an improper and inefficient way; and it insisted that under the doctrine of res ipsa loquitur the fact of the accident itself made a prima facie case of negligence which the court should have submitted to the jury.

In the recent cases of Illinois Central R. R. v. Coughlin, 132 Fed. 801, 65 C. C. A. 101, Cincinnati, etc., R. R. Co. v. South Fork Coal Co., 139 Fed. 528, 71 C. C. A. 316, 1 L. R. A. (N. S.) 533, and Carnegie Steel Co. v. Albert Byers (C. C. A.) 149 Fed. 667, we have had occasion to apply the rule laid down by the Supreme Court in Texas & Pacific R. R. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136, and Patton v. Texas & Pacific R. R. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, wherein it was pointed out that what might make a prima facie case of negligence against a railroad company in favor of a passenger or a stranger would not apply as between the company and its employé. In the latter case there was no presumption of negligence arising from the accident itself, but the liability of the company to its employé must be made out by proof that the company was negligent, and this negligence brought about the resulting injury. If the testimony left the matter uncertain, indicating only that one of a number of things may have brought about the injury, for some of which the company was responsible, and for others not, it was not for the jury to guess between these numerous causes and find that the negligence of the company was the real cause, when there was no satisfactory foundation in the testimony for that conclusion. 179 U. S. 663, 21 Sup. Ct. 275, 45 L. Ed. 361. Thus, in the case of Carnegie Steel Co. v. Albert Byers, where a hydraulic jack used to elevate cars of molten metal, on which an electric locomotive partly stood, suddenly and unexpectedly, and without any apparent cause,

arose from its position, tipping the locomotive up and injuring an employé of the company who was upon it, we held that the mere fact that the elevator or jack arose without any apparent cause was not sufficient to make a prima facie case of negligence against the company. "The burden, however, was upon the plaintiff to make substantive proof of some negligence—the omission of some duty which the defendant owed to him. It was incumbent upon him to show either that the jack was an improper appliance, or that the company had been negligent in keeping it in reasonably safe repair. Looney v. Metropolitan R. R. Co., 200 U. S. 480, 26 Sup. Ct. 303, 50 L. Ed. 564; Ill. Cen. R. R. Co. v. Coughlin, 132 Fed. 801, 803, 65 C. C. A. 101; Texas & Pacific R. R. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136. There was no substantial evidence from which the jury might reasonably find that this accident was due to negligence. Its cause is wrapped in doubt and uncertainty. It may have happened from some cause for which the defendant was not liable or from actionable negligence. It was the duty of the plaintiff to make a case from which a jury might reasonably find negligence. This it did not do." 149 Fed. 673.

In the present case, there was no proof that the jacks were not reasonably safe appliances for the work for which they were designed. Nor was there any proof that they had been improperly used in jacking up the end of the car. We have referred to the proof respecting the loading of the car. The testimony of Brigance was not in our opinion sufficient to warrant the conclusion that the car was "loaded," in the sense that it required trestles to support the end which was jacked up. If it be urged that the car fell, and that is proof enough that either the jacks were defective or they were improperly used, it may be pointed out that any outside force which jarred the car and caused its lifted end to slue might have caused the jacks to give way. The chance of this happening was one taken by the car repairers. Indeed, the witness Brigance suggests an intervening cause which was purely external, namely, the thawing of the ground on which the jacks rested. Obviously, the unequal sinking of the jacks through thawing might disturb the equilibrium of the end of the car and cause it to slue and fall. Other illustrations might be given of the fact that the car might fall without any negligence on the part of the railroad company; but such negligence is essential, and must be supported by substantive proof in order to justify the submission of the case to the jury. Looney v. Metropolitan R. R. Co., 200 U. S. 480, 486, 488, 26 Sup. Ct. 303, 50 L. Ed. 564.

2. It is vigorously urged that in jacking up the end of the car the railroad company was providing a place for Moit to work, that whoever assisted in jacking up the car was doing the master's work, and, since the accident resulted from a failure to do this work, the company should be held responsible. This contention does not appeal to us. The jacking up of the end of the car for the purpose of removing the trucks and replacing a bolster was not a part of the master's duty of providing a reasonably safe place in which to work, but a part of the servants' duty of repairing the car. Wabash R. R. Co. v. Propst, 92 Ill. App. 485. That duty was intrusted to a number of employés,

including the plaintiff, Moit. It is true the car was jacked up and the trucks removed before Moit reached the ground. This work was done by his fellow servants. If they, or any of them, were negligent in doing it, it was the risk he assumed by reason of his employment. Of course, the rule of fellow servant does not apply to the condition of the jacks that were furnished by the railroad company for the purpose of lifting up the end of the car. That appliance had to be a reasonably safe one, and, if there were proof that the accident resulted from the negligent furnishing of insufficient or defective jacks, the railroad company would be responsible; but there is no such proof.

The judgment is affirmed.