# CATALINA DELGADO ET AL.

*v.*

# INSULAR LINE.

---

Law, No. 511.

1. When an employer procures proper machinery from a manufacturer of recognized standing, and makes reasonable tests and examinations of it from time to time, and an accident occurs to some employee by reason of a latent defect in such machinery, that could not be discovered by the exercise of reasonable care and diligence, the employer is not responsible in damages.

2. The facts having been fairly submitted to the jury, and there being no error in the charge of the court, and no evidence that the jury were influenced by passion or prejudice, a motion for a new trial should be denied.

Opinion filed October 8, 1908.

*Mr. Rafael Guillermety,* attorney for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on a motion for a new trial. The case has some history in this court, most of which is set out in an opinion overruling exceptions and a demurrer in the cause, in 3 Porto Rico Fed. Rep. 375.

A trial on the merits was had before a jury, beginning April 29, 1908. A verdict was returned for defendant. The motion for a new trial is not specific, and it is hard to understand. No error is alleged as to the manner in which the court submitted the case to the jury, nor is it specifically claimed that passion or prejudice entered into the deliberations of the jury regarding the same.

In an effort to do justice between the parties, we have caused the stenographer to write out the instructions we gave the jury. After examining them carefully, we are of opinion that the issues were fairly and legally submitted. With a view to refreshing our mind as to the facts, we have caused the stenographer to read the material portions of the evidence adduced at the trial.

It is an action for personal injury, resulting in death. The husband and father of the plaintiffs was a laborer, helping to unload the ship Harry Luckenbach at the port of San Juan, Porto Rico, at the time of the accident. The evidence for plaintiffs simply showed that deceased was engaged as such laborer, and that he received the injury resulting in his death by the arm of the forward derrick of the ship falling on him. This

Delgado v. Insular Line.

derrick was, at the time, being used to hoist small petroleum tanks out of the hold. The evidence showed that the derrick had been tested to carry 3,000 pounds, while the loads it was carrying that day were about 800 pounds. The accident occurred by reason of the breaking of a clevis attached to the chain that held the heavy derrick arm to a ring that encircled the mast, about 16 feet above the deck. Plaintiffs' evidence was very unsatisfactory indeed, particularly as to the condition of this clevis; and, in fact, the witnesses on that side of the cause did not appear to know just how the accident happened, save that it occurred because of a break in an iron.

Defendant introduced evidence which tended to show that the break occurred by reason of a latent defect in the iron of the clevis, that could not be detected, as it was contended, by ordinary inspection. Defendant further introduced evidence tending to show that the chain, clevis, and tackle had been inspected the day previous, and several times recently prior to that, and that no defect was discovered, and that the machine and tackle had been used lifting much heavier weights right along wherever the ship took on or unloaded freight, the same as an apparently exactly similar clevis had been used for another derrick on that same ship, without breaking or showing any defect. That the defect was about a quarter of an inch inside of the iron, and invisible to ordinary careful inspection, and only became apparent after the break.

The rules regarding the granting of a new trial are such that, where the case has been properly presented and the jury has been guilty of no misconduct, a court never ought to grant the same, unless it is apparent that the verdict is against the law or against the decided weight of the evidence, or that it is the result of passion or prejudice, or both, on the part of the jury.

Delgado v. Insular Line.

In this case, as we see it, the jury passed upon a simple question of fact as to whether the defendant had knowledge or ought to have had knowledge, or that, because of its negligence, it did not have knowledge of the defect in this clevis; and, as they found for the defendant, it is to be presumed they found the occurrence to have been unavoidable, and that the defect was not discoverable by the exercise of reasonable inspection and care, which they no doubt found that the defendant exercised.

It is, of course, peculiarly the province of the jury to pass upon the facts in a case like this, and where the court has fairly presented the matter to them, and they have passed upon the facts, there is no reason for a new trial. See our remarks in this line in Paitel de Morsommé v. Yauco, 3 Porto Rico Fed. Rep. 411. Where an employer procures proper machinery from a manufacturer of recognized standing, and makes reasonable tests and examinations of it from time to time, and an accident occurs to some employee by reason of a latent defect in such machinery, that could not be discovered by the exercise of reasonable care and diligence duly exercised by the employer, it is, we think, almost universally held that there is no liability of the master to the employee; and, of course, the questions of fact involved are always for the jury. Richmond & D. R. Co. v. Elliott, 149 U. S. 272, 37 L. ed. 732, 13 Sup. Ct. Rep. 837; Union P. R. Co. v. Daniels (Union P. R. Co. v. Snyder) 152 U. S. 684, 38 L. ed. 597, 14 Sup. Ct. Rep. 756; Texas & P. R. Co. v. Barrett, 166 U. S. 619, 620, 41 L. ed. 1139, 17 Sup. Ct. Rep. 707, and cases cited. Whether this apparently judge-made rule that the poor employee takes all the risk of a latent defect, and the employer takes none, is just, is not for us at this time to state. A court constituted as this is, of course, must be bound by rulings of the Supreme Court of the United States.

Under all the circumstances, and notwithstanding that our personal sympathies were and are with the plaintiffs in this case, we do not feel that we are authorized by the law to invade the province of the jury; and hence the motion for a new trial will be denied, and it is so ordered.