PATTON v. ILLINOIS CENT. R. CO.

(Circuit Court, W. D. Kentucky. May 20, 1910.)

1. MASTER AND SERVANT (§ 125*)—INJURIES TO SERVANT—ACTIONABLE NEGLIGENCE—DEFECTIVE APPLIANCES—KNOWLEDGE OF DEFECTS.

Where, in an action for injuries to a brakeman by the breaking of a ladder rung on the side of a car, there was no proof that defendant knew of the defect in time to have repaired it before the accident, or that its condition had lasted so long that it could have been discovered by defend-

ant's use of reasonable care and prudent inspection, actionable negligence was not shown.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

2. COURTS (§ 372*)—FEDERAL COURTS—RULES OF DECISION.
  Whether the doctrine res ipsa loquitur applies to an action for injuries to a servant by the breaking of a ladder rung on the side of a freight car is a question of general jurisprudence, and not of local law, as to which federal courts are governed by their own decisions and not by those of the state in which the court is sitting.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977–979; Dec. Dig. § 372.*]

3. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—RES IPSA LOQUITUR.
  In an action for injuries to a brakeman by the breaking of a ladder rung on the side of a freight car, the burden is on plaintiff to prove actionable negligence, and is not shifted to the defendant under the doctrine res ipsa loquitur by plaintiff's proof of the accident without evidence of defendant's actual or implied knowledge of the defect within a time sufficient to have enabled it to have repaired the same.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*

Application of doctrine of res ipsa loquitur in actions for injuries to servants, see note to Carnegie Steel Co. v. Byers, 82 C. C. A. 121.]

At Law. Action by Andrew Patton against the Illinois Central Railroad Company. On plaintiff's motion for a new trial. Overruled.

Hendrick & Corbett, for plaintiff.
Wheeler & Hughes, for defendant.

EVANS, District Judge. The plaintiff claims relief against the defendant for injuries which he says were inflicted by the negligence of the defendant. In his petition he states that he was a brakeman in the defendant's service, and that while acting in the line of his duty on a freight train, and while the train of the defendant on which he was employed was being side-tracked to allow another train to pass, he started down the ladder attached to one of the cars in the train, for the use of the brakemen in ascending and descending, when one of the rungs in the ladder broke or gave way and threw him to the ground, some 10 or 12 feet below, with great force and violence, inflicting a large and painful wound on his head and rendering him unconscious; that when he sufficiently recovered from the fall and injury to walk he started to do so, but was in a dazed and bewildered condition, and had not gone far when he suddenly became sick and blind and fainted from loss of blood and fell on the company's main track, and while he remained there in a helpless and unconscious condition another of defendant's trains ran over him and so broke and mangled his left foot and leg as to make amputation necessary within a few hours thereafter. He then further states:

"That it was the duty of the defendant company to furnish him a reasonably safe place in which to work, and reasonably safe appliances with which to work and perform his duties while acting for it in the capacity of its servant as aforesaid; but he says that said company, with gross negligence, failed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and refused to furnish him reasonably safe appliances with which to work and perform 'his duties, one of which appliances was the aforesaid ladder, which was on the date aforesaid furnished to him; but he states that same was in a defective and dangerous condition, and was known to be by the defendant company, its agents or servants superior in authority to this plaintiff, or by the exercise of reasonable care could have been known by it, and that the said defective and dangerous ladder was the direct and proximate cause of 'his injuries, and but for said dangerous, defective ladder, as hereinabove stated, his injuries would not have occurred. He states that he did not know, at the time, of the dangerous, defective condition of said ladder, and could not, by the use of ordinary care and diligence, have known of said 'defects. He further states that by reason of said injuries he has been damaged in the sum of at least $15,000."

After hearing all the testimony, the court was of opinion that the plaintiff had not met the requirements of the onus probandi, and sustained the defendant's motion for an instructed verdict in its favor. The plaintiff has moved the court for a new trial, and his counsel have presented an able and interesting argument in support of the motion.

At the trial it was clearly enough proved that while the plaintiff was descending the ladder one of its rungs broke or gave way, and that he was thereby precipitated to the ground, and that the injuries complained of occurred; but precisely what was the matter with the rung was not shown, and counsel for the plaintiff frankly answered the inquiry of the court made at the time by admitting that there was no testimony in support of the averments of the petition to the effect that the defendant knew of the defect in the rung in time to have repaired it before the accident, or that the condition thereof had lasted so long as that it could have been discovered by the defendant by the use of reasonable care and prudent inspection.

The plaintiff's petition would probably have been demurrable if it had not contained an averment charging the defendant with actual knowledge of the defect in the ladder or with the constructive knowledge of it which should be inferred from a long existence of a defect. These being essential allegations in an action by a servant against a master, the burden was upon the plaintiff to prove them; but, as we have said, his counsel, entirely justified by the facts, confessed at the trial that there was no direct or positive testimony in their support. Nevertheless it is contended by the learned counsel for the plaintiff, when the occurrences connected with the injury were proved, that, and upon the doctrine res ipsa loquitur, such proof, per se, showed that the defendant had been guilty of negligence, and that, under the doctrine of the Kentucky Court of Appeals announced in the case of Morgan v. C. & O. Ry. Co., 105 S. W. 961, 32 Ky. Law Rep. 330, 15 L. R. A. (N. S.) 790, the onus at once shifted to the defendant, which, in order to exonerate itself, must show that it had used due care to inspect and keep in good order the ladder in question. If we assume that that case upholds the doctrine indicated, nevertheless, as this is a question of general jurisprudence and not of local law merely, we must follow the rules, if any, laid down for us by the Supreme Court or by the Circuit Court of Appeals of this circuit. Preliminary to an effort to ascertain whether there is such a rule, it may be proper to note as settled propositions that a master is not bound to insure the absolute

safety of his servant, nor is he bound to do more than use all reasonable care and prudence for his safety by providing appliances and machinery reasonably safe and suitable for the uses to which they are to be put.    Bailey, in his work on Master's Liability for Injuries to Servants, at pages 508, 509, says:

"The fact of the happening of an accident has no tendency to prove negligence, for the very good reason, if for no other, that negligence, or the facts from which it is to be inferred, must be affirmatively proven.    This statement of a rule must not be so understood as to deny that an accident itself may not reveal the cause, and thus furnish competent and sufficient proof of negligence. It may show defects of such a character, and of such long standing, that it may well be said that the exercise of ordinary diligence might and would have discovered them."

In substance this is the doctrine of the federal courts as well as that of the state courts, whose decisions are noted by Bailey in support of his text.    It was explicitly so held by the Circuit Court of Appeals in this circuit in Moit v. Illinois Central R. R. Co., 153 Fed. 356, 82 C. C. A. 430, and by other Circuit Courts of Appeals in Omaha Packing Co. v. Sanduski, 155 Fed. 899, 84 C. C. A. 89, 19 L. R. A. (N. S.) 355, Southern Pacific R. R. Co. v. Carr, 153 Fed. 112, 82 C. C. A. 240, and in cases cited in those opinions.

In C., N. O. & T. P. Ry. Co. v. South Fork Coal Co., 139 Fed. 528, 71 C. C. A. 324, 1 L. R. A. (N. S.) 533, the Circuit Court of Appeals of this circuit had before it a case where the doctrine of res ipsa loquitur was much discussed, and, while distinguishing cases to which it applied, at page 536 of 139 Fed. the court remarked:

"It has been said that, in action by employés for negligence injuries, evidence of an accident carries with it no presumption of negligence.    Ill. Cent. R. Co. v. Coughlin, 132 Fed. 801, 65 C. C. A. 101; Patton v. T. & P. R. Co., 179 U. S. 663, 21 Sup. Ct. 275, 45 L. Ed. 361; T. & P. R. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136.    The reason is the peculiar contract of such an employé by which he assumes the risks incident to his employment, including the negligence of his fellow servants.    He must therefore show that the injury of which he complains was the result of a risk he did not assume."

Under some circumstances the fact of the injury of itself may, under the doctrine referred to, so speak as to make out a prima facie case of negligence which calls for an explanation from the defendant, and in this way, in effect, shift the burden of proof to the defendant. It would be difficult, however, to find a case in the federal courts where the doctrine of res ipsa loquitur has been applied in a case between master and servant.    The leading case in which the distinction between cases where the plaintiff is a passenger, for example, and cases where he was a servant, is drawn, is Patton v. Texas & Pacific Ry. Co., 179 U. S. 663, 21 Sup. Ct. 277, 45 L. Ed. 361, where Mr. Justice Brewer, in delivering the opinion of the court, clearly stated the rule as follows:

"Upon these facts we make these observations:    First. That while in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof to the contrary is sufficient to sustain a verdict against him, for there is prima facie a breach of his contract to carry safely (Stokes v. Saltonstall, 13 Pet. 181 [10 L. Ed. 115]; Railroad Company v. Pollard, 22 Wall. 341 [22 L. Ed. 877]; Gleeson v. Virginia Midland Railroad, 140

U. S. 435, 443 [11 Sup. Ct. 859, 35 L. Ed. 458]), a different rule obtains as to an employé. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence. Texas & Pacific Railway v. Barrett, 166 U. S. 617 [17 Sup. Ct. 707, 41 L. Ed. 1136]. Second. That in the latter case it is not sufficient for the employé to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

In Carnegie Steel Co. v. Byers, 149 Fed., at page 669, 82 C. C. A., at page 117 (8 L. R. A. [N. S.] 677), the Circuit Court of Appeals of this circuit met the very question involved here by saying:

"We shall not stop to consider the objections to this charge based upon the fact that the plaintiff was an employé, and that, as between servant and master, there is no presumption of negligence from the mere proof of the happening of this accident. In such a suit it is not enough to show that there was a defective tool or machine and that the injury was due to such defect. The servant must go further, and show that the defect was known to the master for a sufficient time to have enabled him to repair, or should have been known, if there had been due inspection according to the ordinary course of prudent employers. Texas & Pacific Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Illinois Cent. Railroad Co. v. Coughlin, 132 Fed. 801, 802, 65 C. C. A. 101. In Cincinnati, etc., Ry. Co. v. South Fork Coal Co., 139 Fed. 528, 71 C. C. A. 316, 1 L. R. A. (N. S.) 533, we gave elaborate consideration to the circumstances under which the fact of negligence may be inferred from the nature of an accident, and noted the distinctions to be observed in applying the rule of res ipsa loquitur in suits between employers and servants and those in which liability to passengers or strangers is involved. It was not enough to show that this accident had occurred through an erratic and unexplainable rising of the elevator. That might have made a prima facie case of negligence in favor of a passenger or stranger; but the plaintiff was an employé, and the burden was upon him to show that this sudden erratic upward movement was due to some defect in the mechanism which was known, or should have been known, to the Carnegie Company, and which they had neglected to repair. The distinction referred to is pointed out in the cases cited above. The pinch of the case was, not only whether the plaintiff had shown a defective valve which might have produced such an unexpected and rapid movement as that described by the plaintiff, but also whether the defect was known or might have been known if ordinary care had been exercised."

In other words, the court there held that the onus did not shift when the fact of the injury was proved, but that the plaintiff must go further and prove his other allegations in order to entitle him to recover. Doubtless one reason for the rule we have been discussing, especially in suits brought by railroad employés, is that some appliance attached to some part of some car in a freight train is liable to get loose or out of condition during almost any long trip, and the train employé is presumed to have taken the risk of such an accident. As to such cases, the general doctrine that the master is to provide rea-

sonably safe appliances for the use of his employés, while by no means abolished, is modified by the qualifications indicated in the cases we have cited. Or probably it might be more accurate to say that an averment of negligence in failing to provide safe appliances made against the master by an employé is not sustained unless there is substantial evidence that the master had actual knowledge of a defect in time to have repaired it before the injury, or that the defect had existed so long that knowledge of it should be imputed to the master if it were such that reasonably careful inspection would have developed its existence.

We do not find anything inconsistent with these views in the two cases cited by the plaintiff's counsel of Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141, and Baltimore & Potomac R. R. Co. v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624. The former of these was a suit by a passenger as to whom the carrier was bound to take the utmost care, and in the latter the question we are discussing was in no way involved.

My great sympathy for the unfortunate victim of this accident, who testified before me, has led me to an industrious re-examination of the questions involved. The result is that I find this case added to the long list of those where there was a failure of substantial evidence of actionable negligence.

The motion for a new trial must be overruled.