E. I. DUPONT DE NEMOURS POWDER CO. v. DUBOISE.

(Circuit Court of Appeals Fifth Circuit.  November 4, 1916.  Rehearing Denied December 1, 1916.)

No. 2989.

1. EXPLOSIVES ⊕⇒9—LIABILITY FOR SALE OF EXPLOSIVES.

If a person, not a vendee of defendant, who without fault on his part, while using, in a way they were intended to be used, dynamite caps manufactured and sold by defendant, is injured by the explosion of the caps by the heat of the sun, defendant is liable for such injury, if it knew, or by the exercise of reasonable care might have known, that such caps, when put out by it, were capable of being so exploded, and negligently failed to give such notice as might reasonably be expected to warn a user.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 6; Dec. Dig. ⊕⇒9.]

2. EXPLOSIVES ⊕⇒9—ACTIONS—BURDEN OF PROOF.

The mere explosion of dynamite caps carries with it no presumption of negligence on the part of the manufacturer or seller, and the injured party has the burden of proving that the manufacturer or seller was guilty of the negligence charged.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 6; Dec. Dig. ⊕⇒9.]

3. EXPLOSIVES ⊕⇒9—ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action for injuries received from the explosion of dynamite caps, which it was claimed was caused by exposure to the sun's rays, testimony that some time after the accident other caps, while left in the sun on a stump, exploded, is not admissible to establish the likelihood of caps to explode when exposed to the sun's rays; the witness not having been where he could see the caps for about a half hour before the explosion, and it being only his conjecture that there were no other causes that might have produced it.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 6; Dec. Dig. ⊕⇒9.]

4. EXPLOSIVES ⊕⇒9—ACTIONS—JURY QUESTION.

In an action for injuries received by plaintiff on the explosion of dynamite caps, where the evidence as to the cause of the explosion was uncertain, and it might have resulted from a number of causes, for some of which defendant was not liable, the matter cannot be left to the jury, but verdict must be directed for defendant.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 6; Dec. Dig. ⊕⇒9.]

In Error to the District Court of the United States for the Southern District of Alabama; Henry D. Clayton, Judge.

Action by George Duboise against the E. I. Dupont De Nemours Powder Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

A. G. & E. D. Smith, of Birmingham, Ala., and D. P. Bestor, Jr., of Mobile, Ala., for plaintiff in error.

Gregory L. Smith, of Mobile, Ala., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. While the defendant in error, George Duboise, the plaintiff below, acting as an employé of the Newport Tur-

pentine & Rosin Company, engaged in blasting stumps for his employer by the use of dynamite, dynamite caps, and fuse, was preparing to make a blast, he sustained very serious personal injuries as the result of an explosion which occurred in a wooden box, open at the top, in which was carried a number of sticks of dynamite, a box of dynamite caps manufactured and sold by the plaintiff in error, and the fuse. In two of the four counts of the amended complaint, upon which the case went to the jury, it was averred that, while the plaintiff was handling and using said caps in the manner in which they were commonly used and handled for blowing up stumps, some of such caps in the box with others were exploded by the heat generated by the rays of the sun, and the others of said caps in said box were, by such explosion, also exploded. In one of these counts it was charged that said explosions resulted from the defendant's negligently manufacturing said caps, or some of them, so that they would explode by the heat generated by the rays of the sun. In the other one of these two counts it was charged that said explosion resulted from the defendant's negligently selling said caps that would be exploded by the heat generated by the sun. In each of the other two counts upon which the case went to the jury there were similar averments as to how the caps were being handled and used, and it was averred that some of them, in the box with others, exploded without any fuse attached thereto having been lighted, and without any other artificial heat being applied thereto, and others of said caps were, by such explosion, also exploded. The charges of negligence of the defendant made in these two counts, respectively, were in one of them that it negligently manufactured, and in the other that it negligently sold, said caps, or some of them, that would explode without any fuse attached thereto being lighted, and without any other artificial heat being applied thereto. Issue was joined on the plea of not guilty to each of the four counts.

[1] It is not doubted that if a person, not a vendee of the defendant, who, without fault on his part, while using in a way they were intended to be used dynamite caps manufactured and sold by the defendant, was injured by the explosion of one or more of them by the heat imparted by the rays of the sun, or without any artificial heat being applied, the defendant would be liable for such injury if it knew, or by the exercise of reasonable care might have known, that such caps as they were when put out by it were capable of being so exploded, and negligently failed to give such notice as reasonably might be expected to warn a user of the caps of the danger of their being exploded in the way mentioned. Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453; Keep v. National Tube Co. (C. C.) 154 Fed. 121; Huset v. J. I. Case Threshing Machine Co., 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303.

[2] But one so injured, who asserts such a claim, has the burden of proving the negligence charged against the manufacturer or seller. The mere happening of the explosion carries with it no presumption of negligence on the part of the manufacturer or seller. It is an affirmative fact for the injured person to establish that the party sought to be charged with liability has been guilty of negligence. Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361;

Looney v. Metropolitan Railroad Co., 200 U. S. 480, 26 Sup. Ct. 303, 50 L. Ed. 564; Moit v. Illinois Central R. Co., 153 Fed. 354, 82 C. C. A. 430. The plaintiff was not entitled to recover on either of the counts, unless evidence was adduced which furnished substantial support for the conclusions that the explosion occurred as alleged, that the defendant was negligent as charged, and that to that negligence the explosion and the plaintiff's consequent injury were attributable.

[3] On the direct examination of E. O. Griffin, a witness for the plaintiff, he testified that he had known of some caps like those used by the plaintiff exploding without the application of fire to them, or without any jarring of them, or anything, and that that happened in November, 1914, after the plaintiff was hurt in June of that year. After it was brought out on the cross-examination of this witness that the explosion about which he had testified occurred while he was at work at a place from which he could not see the caps which, about a half hour previously, he had left on a stump in the woods, and that he did not know that nothing touched the caps before they exploded, the defendant moved to exclude the above-recited statement of the witness on his direct examination, on the ground that his testimony showed that he did not have any personal knowledge of the explosion or the cause of it. The defendant excepted to the action of the court in overruling this motion. We are of opinion that this exception was well taken. The testimony of the witness on his cross-examination showed that he had no personal knowledge of the circumstances of the explosion he mentioned. His statement of his mere conjecture as to how it happened was not admissible as evidence.

[4] The only witnesses who claimed that they were in a position to know what occurred at the time of and just prior to the explosion complained of were the plaintiff, John Hussey, a coemployé, whose task was to dig around and chop the roots of the stumps preparatory to the plaintiff's doing the work of blasting, and Ben Scott, a boy who carried water, brought a stick lighted at one end when called for to set off the fuse, and otherwise acted as a helper. According to the testimony of these witnesses, just before the explosion occurred the plaintiff was engaged in putting a piece of dynamite in a hole which had been bored in a stump, Hussey was several feet from him, and several feet distant from each of them was the box containing the supply of dynamite, the dynamite caps and the fuse; there was no fire near that box, and nothing jarred its contents; the box was open at the top and the caps were "awful hot," it being a pretty warm day, 96 or 98 in the shade, and the caps had not been exposed to any heat except the sunlight. While this was the situation the explosion occurred in the box, injuring and blinding both the plaintiff and Hussey. Other persons who were attracted by the sound of the explosion came to the place shortly afterwards, and found some sticks of dynamite unexploded, but no unexploded caps, all of them apparently having been exploded.

It may be assumed that the circumstance last mentioned furnished some support for an inference that the explosion had its origin in the caps, rather than in the dynamite or the fuse, which were also in the box. But we are not of opinion that any evidence was adduced which furnished any substantial support for a finding that any of the caps as

they were when they passed out of the possession or control of the defendant were capable of being exploded by the heat of the sun, or without any artificial heat or friction being applied. The mere fact that a cap exploded on a hot day does not tend to prove that the sun's heat caused the explosion. If the testimony as to the weather had referred to the wind blowing at the time, instead of referring to the heat of the sun, this, in the absence of evidence that the defendant ever used material in caps it put out which made them capable of being exploded by the wind, would not support a finding that the wind caused the explosion. There was no evidence tending to prove that any dynamite cap ever put out by the defendant contained an ingredient which made it capable of being exploded by the heat of the sun, or without artificial heat or friction being applied.

The testimony was such that it is impossible to tell from it what caused the explosion. One or more of the caps may have been made more subject to explosion as the result of something that happened to them after they passed out of the possession and control of the defendant. The evidence did not disclose where they had been, or what, if anything, had been done to them, after the plaintiff's employer bought them. Where several things may have caused the injury complained of, for some of which the defendant is responsible, and for some of which it is not, it is not for the jury to guess between the different possible causes, and find that the negligence of the defendant is the real cause, when there is no satisfactory foundation in the evidence for that conclusion. Patton v. Texas & Pacific Ry. Co., supra. The evidence was such as to make it pure guesswork to say that the defendant was negligent as charged, or that to that negligence the injury complained of was attributable. In this state of the evidence it was error to refuse the requested charge for a verdict in favor of the defendant.

The judgment presented for review is reversed.