**SIEROCINSKI v. E. I. DU PONT DE NEMOURS & CO.**

No. 20828.

District Court, E. D. Pennsylvania.
Nov. 10, 1938.

Raymond A. White, Jr., of Philadelphia, Pa., for plaintiff.

C. Brewster Rhoads and Abel Klaw, both of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for E. I. Du Pont de Nemours & Co.

KALODNER, District Judge.

Defendant under Rule 12 (e), Rules of Procedure for District Courts, 28 U.S.C.A. following section 723c, has moved for an order requiring the plaintiff to file a more definite statement of claim.

Plaintiff instituted a trespass action to recover for injuries which he suffered when a dynamite cap, manufactured and distributed by the defendant, exploded while the plaintiff was crimping it. Plaintiff did not purchase the dynamite cap directly from the defendant: nor, for all that appears in the statement of claim, did the plaintiff's employer purchase it directly from the defendant. The action did not happen on the premises of the defendant, but on the premises of the plaintiff's employer.

The sole allegation of negligence attributed in the statement of claim to the defendant is in paragraph 9 of the statement of claim, which reads as follows: "The said explosion and the injuries to the plaintiff resulting therefrom, were caused solely by the carelessness and negligence of the defendant in manufacturing and distributing a dynamite cap which, when handled in the usual and proper mannner, exploded."

Defendant complains that the allegations of negligence are not sufficiently specific and do not afford it an opportunity to know what issue or issues it might have to meet upon trial in regard to negligence. It contends, and with justice we consider, that the allegations consist of conclusions and not of facts.

Under the authorities cited in the defendant's brief, it is clear that the allegations of negligence (while not fatal to the validity of the statement of claim if not attacked preliminarily) nevertheless are so lacking in exposition of facts and particularization as to fail to meet the usual requirements of proper pleading.

Conceding so much, however, it is necessary to dispose of other questions before concluding that the allegations are insufficient to put the defendant to his defense. For there are certain classes of cases where evidence merely of an accident, or the sustaining of an injury, sometimes with and sometimes without attending circumstances, is enough to send a case to the jury; wherefore the mere averment of the accident, the injury, and the circumstances would constitute sufficient pleading in a statement of claim. Therefore, if this case falls into any one of those classifications, which are specified and discussed below, then the recital of the explosion of the dynamite cap, bare of elaboration as it is, makes out a sufficient claim.

The classifications are:

(a) Res ipsa loquitur.

(b) Cases where the happening of an accident resulting in injury, with the attendant circumstances, are sufficient to raise an inference of negligence and cast upon the defendant the burden of establishing his freedom from fault—as when the thing causing the injury is under the management of the defendant and the accident is such as does not happen if those who have the management use proper care.

(c) Implied warranties.

As to (a) res ipsa loquitur:

A review of the authorities convinces us that the doctrine of res ipsa loquitur does not apply: E. I. Du Pont de Nemours Powder Co. v. Duboise, 5 Cir., 236 F. 690 (the explosion of a dynamite cap); 25 C.J. 205 (id.); Favo v. Remington Arms Co., 67 App.Div. 414, 73 N.Y.S. 788; Bonham v. Winchester Repeating Arms Co.,

179 Ill.App. 469 (the bursting of a gun); annotation in 17 A.L.R. 672, 698, passim.

In the E. I. Du Pont de Nemours Powder Co. v. Duboise Case, above cited, the plaintiff while handling and using a box of dynamite caps was injured by an explosion. The Court held: "* * * One * * * injured * * * has the burden of proving the negligence charged against the manufacturer or seller. The mere happening of the explosion carries with it no presumption of negligence on the part of the manufacturer or seller. It is an affirmative fact for the injured person to establish that the party sought to be charged with liability has been guilty of negligence. Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361; Looney v. Metropolitan Railroad Co., 200 U.S. 480, 26 S.Ct. 303, 50 L.Ed. 564; Moit v. Illinois Central R. Co., 153 F. 354, 82 C.C.A. 430."

Also in the case of Amsterdam v. E. I. Dupont de Nemours Powder Co., 1916, 62 Pa.Super. 314, there was an explosion at the defendant's dynamite manufacturing plant and the plaintiff's property was damaged. There was no evidence that the explosion was caused by the defendant's negligence. The Court held that the doctrine of res ipsa loquitur did not apply (page 324): "We regard it as now well settled in this State that negligence is not to be imputed to a defendant merely from the fact of an explosion of gunpowder or dynamite manufactured by him * * *."

■ As to (b) where the happening of the accident raises an inference of negligence, etc.:

Neither does this doctrine apply to the instant case, since it is only applicable where the instrumentality causing the injuries is under the management, supervision and control of the defendant (Fitzpatrick v. Penfield, 267 Pa. 564, 109 A. 653; Wright et al. v. Straessley, 321 Pa. 1, 182 A. 682; Maerkle v. Pittsburgh Rys. Co., 311 Pa. 517, 165 A. 503, and cases therein cited; Latella v. Breyer Ice Cream Co., 87 Pa. Super. 325); while in this case the cap exploded while it was being handled *by the plaintiff*.

■ As to (c) implied warranties:

In food and drug cases the person suffering injuries has been permitted to recover either in trespass or assumpsit upon the theory that the action is one compounded both of contract and negligence, and that the business of manufacture or serving food for human consumption is so important that purchasers should be safeguarded upon the basis of an implied warranty from the manufacturer, whether there be privity of contract or not. Catani v. Swift & Co., 251 Pa. 52, 95 A. 931, L.R.A.1917B, 1272; West v. Katsafanas, 107 Pa.Super. 118, 162 A. 685; Nock v. Coca Cola Bottling Works, 102 Pa.Super. 515, 156 A. 537. This principle of law is a derivation from another class of case holding that there is an implied warranty of fitness for use in the sale by a manufacturer to one who is injured, in the case of inherently dangerous instrumentalities such as explosives and fireworks. In this latter classification, however (inherently dangerous articles), the principle is applicable only where there is privity of contract between the parties, and does not extend to a third person, Welshausen v. Charles Parker Co., 83 Conn. 231, 76 A. 271; Berger v. Standard Oil Co., 126 Ky. 155, 103 S.W. 245, 11 L.R.A.,N.S., 238; and the principle does not, therefore, govern the present case, where no privity of contract is shown.

■ We conclude, therefore, that since the instant case does not fall within any of the three classifications denominated as (a), (b), and (c) herein, the necessity for specific averments of fact forming the basis for the general allegation of negligence cannot be dispensed with, as they would be did this case fall into any one of those classifications. Since, therefore, the plaintiff has failed to inform the defendant of the specific issue or issues which it will be required to meet upon trial, it is our opinion that the statement of claim should be more definite and that the defendant's motion should be granted.

■ Other contentions of the defendant, however, are without merit. One of them relates to the plaintiff's failure to plead lack of contributory negligence on his part. This is not necessary. "In the federal courts the rule is that freedom from contributory negligence on the part of the plaintiff in a personal injury case need not be negatived or disproved by him"; Swett v. Givner, D.C., 5 F.Supp. 739, 740. See, also, Texas & P. R. Co. v. Volk, 151 U.S. 73, 14 S.Ct. 239, 38 L.Ed. 78.

■ Defendant also contends that the general allegation as to the injuries following more specific averments should be elaborated upon. However, the specific aver-

ments are given in great detail, and if the allegation complained of is too general, the defendant may attack it upon trial by way of objection to the admission of evidence offered under the allegation.

And now, to wit, the 10th day of November, defendant's motion for a more definite statement of claim under Rule 12 (e) is granted, and the plaintiff is ordered to file a more definite statement of claim in conformity with this opinion within 10 days, otherwise, upon application, the statement of claim may be stricken off.